## Hallman v. Sterner.

*Automobile collision with standing truck at night — Negligence — Motor Vehicle Act of June 30, 1919.*

Where, in an action for damages, it appeared that the defendant's chauffeur, on a dark and rainy night, left a truck standing on a public highway in the country, mostly in the centre of the road, unguarded and without lights, thirty feet beyond a garage where a light was burning over a gasoline pump, and the plaintiff, driving his auto at a safe speed, collided with the truck, the case is for the jury and a verdict for the plaintiff should be sustained.

Act of June 30, 1919, § 20, P. L. 678, considered.

Trespass for damages. Rule for new trial and for judgment *n. o. v.* C. P. Lancaster Co., Jan. T., 1921, No. 82.

*K. L. Shirk, C. E. Ehrhart* and *John A. Coyle,* for defendant and rules.

*Charles W. Eaby,* contra.

LANDIS, P. J., Jan. 14, 1922.—The reasons filed for a new trial in this case do not seem to me to raise a serious proposition. They are all either general

Hallman *v.* Sterner.

reasons, which need not be considered, or they complain of error in failing to give binding instructions. That question was decided preliminary to the trial, but it is also raised in the motion for judgment *non obstante veredicto.* The only point involved is, therefore, whether we should have given binding instructions to the jury.

On Nov. 16, 1920, the plaintiff left his father's cattle stables, which are located at Bridgeport, on the Lincoln Highway, in his Ford sedan, and drove westward on said highway, at from twelve to fifteen miles an hour, towards his home, which is located in the City of Lancaster. This was about 5.55 o'clock in the evening. The night was dark, and it was raining and blowing heavily. He had his lights burning, and he drove on the north or right-hand side of the highway, about four feet from that side of the road. He crossed over Witmer's Bridge and was ascending the hill, when he bumped into a truck, which was standing up the hill mostly in the centre of the road, unguarded and without any lights. There was a garage thirty or forty feet east of where the truck was standing, in front of which were two gasoline pumps, but the plaintiff testified that the light on one of these pumps was not burning. He said that he could not see far on this night, and he did not see the truck until he struck it. Two minutes after the accident, he saw a man coming out of the garage, who told him he was operating the truck. The plaintiff was corroborated by other witnesses, and these facts have been established by the verdict. Are they sufficient in law to sustain it?

By the Act of June 30, 1919, § 20, P. L. 678, it is provided that "every motor-vehicle on the public highway shall, from one hour after sunset until one hour before sunrise, or whenever it is impossible to see clearly for a distance of 200 feet, show at least two lights of approximately equal power on the front of such vehicle that shall be clearly visible for a distance of 200 feet," and that "every motor-vehicle, including motorcycles, shall also, whether standing or in motion, display one red light on the rear thereof. . . ." And in section 25 it is stated that "every operator of a motor-vehicle shall at all times keep as close as possible to the right-hand side of the highway, allowing other vehicles free passage to the left, and no operator of a motor-vehicle shall allow such vehicle to stand in the centre of the highway or so as to obstruct or interfere with any other users thereof." In Marks *v.* Kauffman & Baer Co., 67 Pitts. L. J. 596, it was held that "where defendant's chauffeur, on a dark and rainy night, left a truck standing along or near the curb on plaintiff's right, near a telegraph pole and in a dark place, without lights, and plaintiff, driving his auto at a safe speed, collided with the truck, defendant was . . . liable in damages, in that the chauffeur failed to exercise the care required by the circumstances." This seems to be very near the present case, and it is determined, as I think, in accordance with the law.

Here, the plaintiff was driving at a moderate speed, not on a city street well lighted, but along a country highway. The night was dark, and the wind was blowing and the rain was falling fast. The defendant's chauffeur left his truck standing partly in the centre of the highway, unguarded and without lights. This was negligence on his part, for he was not exercising due care under the circumstances. On the other hand, the plaintiff was where he had a right to be, and he was not, according to the evidence, guilty of any contributory negligence, whereby the accident was occasioned.

I am of the opinion that the rule for a new trial should be discharged and the motion for judgment *non obstante veredicto* overruled.

Rule discharged and motion overruled.

From George Ross Eshleman, Lancaster, Pa.